IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Timothy Ray Wirtz, <br><br> Petitioner, <br><br> vs. <br><br> Director of the Oconee County Detention Center, <br><br> Respondent. | No. 4:13-cv-387-RMG <br><br> **ORDER** |

Petitioner Timothy Ray Wirtz, a pretrial detainee confined at the Oconee County Detention Center in Walhalla, South Carolina, filed this matter *pro se* pursuant to 28 U.S.C. § 2241, on February 6, 2013. (Dkt. No. 1). He claims to have suffered several constitutional violations while a pretrial detainee, including various due process violations, cruel and unusual punishment, and police and prosecutorial misconduct. (*Id.* at 8–9). For relief, Petitioner seeks release as well as an investigation into certain alleged procedural irregularities in his indictment. (*Id.* at 9).

## Background

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2) DSC, this case was assigned to a Magistrate Judge. The Magistrate Judge conducted an initial review of the petition under 28 U.S.C. § 1915. On April 12, 2013, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that this petition be summarily dismissed without prejudice because *Younger* abstention counsels against federal habeas relief. *See Younger v. Harris*, 401 U.S. 37 (1971). (Dkt. No. 10). Petitioner filed no objection to the R&R.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Thus, this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Nevertheless, in the absence of specific objections to the R&R, this Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

Under 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss an inmate's action if it determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## Discussion

Petitioner seeks habeas relief under 28 U.S.C. § 2241. Section 2241 "applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quotation marks and citation omitted).

As the Magistrate Judge explained, however, the exhaustion of available state law remedies is generally a prerequisite for seeking such habeas relief. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006) ("A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one complete round of the State's established appellate review process.") (quotation marks omitted); *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 488–89 (1973).

Exhaustion under Section 2241 is a common law requirement rooted in "prudential concerns, such as comity and the orderly administration of criminal justice." *See Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010); *see also Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976). The Fourth Circuit has developed a test to determine whether these prudential concerns counsel against exercise of the habeas power, asking whether "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citation omitted). Applying this test, the Fourth Circuit has emphasized that a federal court should not interfere with ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (citing *Younger*, 401 U.S. at 43–44, 54).

In addressing Petitioner's Section 2241 petition, the Magistrate Judge correctly identified the primary significance of the fact that Petitioner's state criminal proceeding is ongoing. Following from that, it is clear that the State has an important interest in the orderly administration of its criminal justice system, including the pursuit of charges against Petitioner, unmolested by federal court interference. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Moreover, Petitioner will have the opportunity to raise his various federal claims in his state trial, as well as any appeals and post-conviction proceedings. *See Gilliam*, 75 F.3d at 904. In sum, Petitioner has not shown that his case presents those "most narrow and extraordinary of circumstances" that would qualify under an exception to *Younger* abstention and necessitate federal interference through exercise of the habeas power. *Cf. Robinson v. Cannon*, No. 4:12-cv-155, 2012 WL 1937123, at *1 (D.S.C. May 29, 2012).

## Conclusion

Accordingly, the Court finds that Petitioner Timothy Ray Wirtz fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B). The Court therefore adopts the Magistrate Judge's Report and Recommendation as the Order of the Court and DISMISSES this action, without prejudice and without issuance and service of process.

## Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
May 7, 2013

-4-